(76 South. 465)

ADKINS v. STATE. (7 Div. 452.)

(Court of Appeals of Alabama. June 12, 1917.)

1. CRIMINAL LAW &=364(1)—EVIDENCE—RES GESTÆ—CARRYING CONCEALED WEAPON.

In a prosecution for carrying a concealed pistol, the court did not err in admitting evidence that at the time and place where defend-ant was seen with the pistol concealed he was under the influence of whisky, and that he fired the pistol; such facts being a part of the res gestæ.

2. CRIMINAL LAW &=807(1)—ARGUMENTATIVE INSTRUCTIONS.

The charge that the state is as much interested in the acquittal of the innocent as it is in the conviction of the guilty was argumentative and otherwise bad, and was properly refused.

3. CRIMINAL LAW &=813, 815(1) — INSTRUCTIONS—REASONABLE DOUBT.

In a prosecution for carrying a concealed pistol, instruction that, "Unless you believe beyond a reasonable doubt that he had it concealed about his person, you cannot convict defendant" was abstract and elliptical, and properly refused.

4. CRIMINAL LAW &=789(17) — INSTRUCTIONS — REASONABLE DOUBT — ERRONEOUS REQUEST.

The charge that, "If you have a reasonable doubt of defendant's guilt, you cannot convict him" was properly refused, as it ignored the rule that the reasonable doubt authorizing an acquittal must arise after a consideration of all the evidence.

Appeal from Circuit Court, De Kalb County; J. E. Blackwood, Judge.

James Adkins was convicted of carrying a concealed pistol, and he appeals. Affirmed.

Defendant admitted carrying a pistol, but asserted he carried it under circumstances which justified the carrying, in that he had been threatened by two of the Weldons who had ordered a couple of new Colt pistols which were then in the express office. The following charges were refused to defendant:

(1) The state is as much interested in the acquittal of the innocent as it is in the conviction of the guilty.

(2) Unless you believe beyond a reasonable doubt that he had it concealed about his person, you cannot convict the defendant.

(3) If you have a reasonable doubt of defendant's guilt, you cannot convict him.

Isbell & Scott, of Ft. Payne, for appellant. W. L. Martin, Atty. Gen., for the State.

BRICKEN, J. [1] The defendant was indicted, tried, and convicted of the offense of carrying a concealed pistol about his person or on premises not his own or under his control. The evidence was without conflict that the defendant did, within the time and place covered by the indictment, carry a pistol concealed about his person. He undertook to justify the carrying of the pistol, however, by claiming he had a good reason to apprehend an attack at the time and place of carrying the pistol. It is here insisted that the court erred in allowing testimony to go to the jury to the effect that at the time and place where the defendant was seen with the pistol concealed he was under the influence of whisky, and that he fired the pistol. There is no merit in this contention; these facts being a part of the res gestæ. This evidence was clearly admissible, and the court's ruling in this connection was free from error.

---

&=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] Refused charge 1 was argumentative, and was otherwise bad, and was properly refused.

[3] Refused charge 2 was abstract, also elliptical, and there was no error in its refusal.

[4] Refused charge 3 was properly refused. The reasonable doubt which authorizes the jury to acquit must arise out of the evidence after a consideration by the jury of all the evidence in the case. Charge 3 ignores this rule, and was properly refused. Furthermore, the general oral charge of the court fairly and substantially covered the principle of law involved in this charge.

There appears no error in the record, and the judgment of the lower court is affirmed.

Affirmed.